IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:13CV3148 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONNER STEEL WORKS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 15, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his former employer, Donner Steel Works. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is an African-American who currently resides in Lincoln, Nebraska. (*Id*. at CM/ECF p. 5; Docket Sheet.)

Condensed and Summarized, Plaintiff alleges he was forced to quit his job because his supervisor made him "cut trees and bushes in the hot sun," talked to him "in a disrespectful way," and failed to give him a raise. (Filing No. 1 at CM/ECF p. 5.) Plaintiff believes he was harassed and discriminated against because he is "black." (*Id*.) Plaintiff seeks monetary damages. (*Id*.)

II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act ("Title VII"). Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, Plaintiff must establish that he: (1) is a member of a protected class, (2) met his employer's legitimate expectations, (3) suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC

will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); *see also* *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff alleges that he is a member of a protected class and that he suffered an adverse employment action when he was forced to quit because of harassment. (Filing No. 1 at CM/ECF pp. 1-2.) However, Plaintiff does not allege that he was meeting the legitimate expectations of his employer nor does he describe circumstances which give rise to an inference of discrimination. Further, Plaintiff has not filed a copy of his EEOC charge or his right-to-sue notice. Thus, the court cannot determine whether Plaintiff's claim is timely.

However, on its own motion, the court will provide Plaintiff with the opportunity to (1) amend his Complaint to sufficiently allege a Title VII claim against Defendant, and (2) file a copy of his EEOC charge and right-to-sue notice with the court. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 18, 2013**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further

notice for failure to state a claim upon which relief may be granted and for failure to follow this court's orders.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 18, 2013**.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 16th day of October, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.